**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** **5:21-cv-00224-TES** |
| **$23,425.00 in U.S. FUNDS,** | |
| *Defendant's Property.* | |

**ORDER DENYING MOTION FOR IMMEDIATE RETURN OF PROPERTY**

Before the Court is *pro se* Armard Davis's Motion for Immediate Return of Property [Doc. 5]. In his Motion, Davis requests that the United States (hereinafter, the "Government") return $23,425.00 in U.S. currency, which was seized on the date of his arrest. [*Id.*]. He claims that this currency amount was seized during an unlawful search of his vehicle, in violation of his Fourth Amendment rights. [*Id.*]. For the reasons stated below, the Court **DENIES** Armard Davis's Motion for Immediate Return of Property [Doc. 5].

**DISCUSSION**

A.   **Background**[1]

In March 2020, the United States Drug Enforcement Administration (the "DEA),

---

[1] The following facts are taken from the Government's Verified Complaint [Doc. 1].

with assistance from the Warner Robins Police Department (the "WRPD"),[2] initiated an investigation into the Antoine Riley Drug Trafficking Organization ("ARDTO"). [Doc. 1, ¶ 8]. As a result of the investigation, the DEA identified several individuals that it suspected were involved with ARDTO, one being Armard Davis (hereinafter, "Davis"). [*Id.* at ¶ 9]. DEA agents surveilled Davis's movements and uncovered information that led them to believe that Davis would be engaging in drug-related activities at the Shell Station on 1200 S. Houston Lake Road in Warner Robins, Georgia, on January 5, 2021. [*Id.* at ¶ 14].

Accordingly, DEA agents surveilled the Shell Station and noticed a blue Chevrolet Malibu parked next to a blue Honda Accord—a vehicle they suspected belonged to Davis. [*Id.*]. They observed an individual (not Davis) exit the blue Honda Accord carrying a brown bag, get into the blue Chevrolet Malibu and leave the Shell Station. [*Id.*]. The person driving the blue Honda Accord left the premises soon after. [*Id.*].

Agents followed the blue Honda Accord to an apartment complex and then to a Monster Storage on 999 Feagin Mill Road, Warner Robins, Georgia. [*Id.* at ¶ 15]. At this point in time, one of the agents observed Davis exit the vehicle and enter a storage unit

---

[2] When the United States Drug Enforcement Administration (the "DEA") entered the scene, the Warner Robins Police Department (the "WRPD") had already been investigating the ARDTO for several years. [Doc. 1, ¶ 8].

that contained a black Chevrolet Caprice. [*Id.*]. Davis then pulled his blue Honda

Accord into the unit and drove off in the black Chevrolet Caprice. [*Id.*].

Peach County Sheriff Deputies Timothy Theus and Joseph Gunn observed the

aforementioned Chevrolet Caprice going 13 miles over in a 65 miles per hour zone and

(in part, at the request of DEA agents) conducted a traffic stop of the vehicle. [*Id.* at ¶

16].  Deputy Theus had a dog trained to detect the smell of certain controlled narcotics

"conduct a free air sweep of the vehicle." [*Id.*]. When the dog alerted Deputy Theus to

the smell of narcotics, both officers searched the vehicle and found a sealed bag of

marijuana and a sealed bag of U.S. currency and suspected methamphetamine. [*Id.*].

DEA agents obtained a Superior Court of Georgia Search Warrant to search the

Monster Storage where Davis had been observed parking his blue Honda Accord. [*Id.* at

¶ 17]. A search of the blue Honda Accord revealed a large amount of U.S. currency and

a small amount of marijuana. [*Id.*]. In total, agents seized $23,425.00 in U.S. currency as

a result of its investigation. [*Id.*].

After the seizure, the DEA began administrative forfeiture proceedings. [*Id.* at ¶

6]. On, or about April 2, 2021, Davis filed a claim for the return of the $23,425.00 in U.S.

currency, and the DEA referred the matter to the United States Attorney's Office for the

Middle District of Georgia for commencement of judicial forfeiture proceedings. [*Id.*].

On July 1, 2021, the Government filed a Verified Complaint for Forfeiture [Doc. 1],

alleging that the seized $23,425.00 in U.S. currency was subject to forfeiture pursuant to

21 U.S.C. § 881(a)(6). *See generally* [Doc. 1]. Eight days later, the Government served Davis, through his criminal attorney, with a copy of the Verified Complaint, as well as copies of the Notice of Judicial Forfeiture [Doc. 3] and Warrant of Arrest in Rem [Doc. 2]. Additionally, the Government provided a general notice of its civil forfeiture action to the public by publishing such notice on an official government internet site from July 14, 2021, to August 12, 2021. [Doc. 6]. The notice set forth instructions on contesting the forfeiture action. *See generally* [*id.*]. Specifically, it stated that any individual claiming an interest in the seized currency (i.e., contesting the forfeiture) needed to file a verified claim with the Court within 35 days from the date of the notice, or no later than 60 days from the first date of its publication on an official government internet site—whichever date was earlier. [*Id.* at p. 3]. After the time to file a claim expired, Davis filed the instant Motion for Immediate Return of Property, alleging that the $23,425.00 in U.S. currency was unlawfully seized from his vehicle in violation of his Fourth Amendment rights. [Doc. 5]. The Government filed its Response [Doc. 7], wherein it objected to the return of the $23,425.00 in U.S. currency.

> **B.      Analysis**

This Motion arises out of a civil forfeiture action involving U.S. currency associated with the illegal drug activities of ARDTO.  "Money derived from illegal drug transactions . . . are subject to forfeiture." *United States v. Berry*, 580 F. App'x 770, 771 (11th Cir. 2014) (citing 21 U.S.C. § 881(a)(4), (6)). However, Davis contends that the

4

currency seized in this action was done so unlawfully, in violation of his Fourth

Amendment rights, and he therefore requests a return of the currency on the ground

that he is the lawful possessor. Davis's request for relief is procedurally improper.

"[A] person aggrieved by an unlawful search and seizure of property or by the

deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).

However, "[a] Rule 41(g) motion . . . is unavailable when property is seized pursuant to

civil forfeiture." *United States v. Bynum*, 775 F. App'x 626, 628 (11th Cir. 2019) (citing

*United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999)); *see also United States v.*

*Watkins*, 120 F.3d 254, 255 (11th Cir. 1997); *United States v. Sewell*, No. 2:03-cr-232-MEF,

2014 WL 4599803, at *2 (M.D. Ala. Sept. 12, 2014)(citing cases for the proposition that a

Rule 41(g) motion is not available in an action where property is retained pursuant to

civil forfeiture). Since "[i]t is well-settled that the proper method for recovery of

property which has been subject to civil forfeiture is not the filing of a [Rule 41(g)]

motion[,]" any purported reliance on Rule 41(g) is misplaced in this action.  *United*

*States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989). Instead, the proper method for the

recovery of such property would be the "filing [of] a claim in the civil forfeiture action."

*Id.* Davis was afforded the opportunity to file such a claim.

On July 9, 2021, the Government served copies of its Verified Complaint, Notice

of Forfeiture, and Warrant of Arrest in Rem on Davis, through his criminal attorney, by

certified mail. From that date, Davis had 35 days to file a claim, wherein he could seek

the recovery of his $23,425.00 in U.S. currency. This civil forfeiture action provided

Davis with an adequate remedy at law to vindicate his interest in the $23,425.00 in U.S.

currency. However, he never filed such a claim. And now, Davis files the instant

Motion (most likely pursuant to Rule 41(g)) whereby he seeks equitable relief and

contests the legality of the search and seizure resulting in his loss of the $23,425.00 in

U.S. currency.

The Court concludes that the "proper place to litigate the legality of the seizure is

in the forfeiture proceeding[.]" *United States v. Hernández*, 911 F.2d 981, 983 (5th Cir.

1990); *see also United States v. United States Currency § 83,310.78, 851*, F.2d 1231, 1235 (9th

Cir. 1988)("[W]hen a civil forfeiture proceeding has been filed, the claimant has

adequate remedies to challenge any fourth amendment violation[s.]"). Davis failed to

litigate his claim in the appropriate proceeding—the civil judicial forfeiture action. And

because of that failure, he is not now entitled to equitable relief.

## CONCLUSION

Based on the foregoing discussion, the Court **DENIES** Davis's Motion for

Immediate Return of Property [Doc. 5] because Davis is procedurally barred from

proceeding under Rule 41(g). He failed to contest the seizure of his property in the civil

judicial forfeiture action and has not asserted any other reason that would justify the

Court granting the return of the $23,425.00 in U.S. currency.

**SO ORDERED**, this 5th day of October, 2021.

S/ Tilman E. Self, III
_____
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**